**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KATHERINE WILLIAMS, AKA
Katherine Marion Williams,

Defendant - Appellant.

No. 11-50293

D.C. No. 2:10-cr-00535-PSG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 8, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Katherine Williams appeals her convictions of conspiracy to distribute cocaine,

in violation of 21 U.S.C. § 846, and possession of cocaine with intent to distribute, in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. Sufficient evidence supported both convictions. When Williams was arrested, federal agents found a substantial quantity of cocaine hidden in a compartment of her car's gas tank. "[I]t is well-settled that '[m]ere possession of a substantial quantity of narcotics is sufficient evidence to support a finding that a defendant knowingly possessed the narcotics.'" *United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000) (quoting *United States v. Collins*, 764 F.2d 647, 652 (9th Cir. 1985)). In particular, the evidence supports a possession conviction when the defendant is the "driver and sole occupant of a car whose gas tank contain[s]" a substantial quantity of narcotics. *Id.* Williams drove from the Canadian border to Arizona and gave her car to two men at an apparently pre-arranged meeting; the men placed the cocaine in the gas tank before returning the car to Williams the next morning. There was therefore also ample evidence to support the conspiracy conviction.

2. The district court did not err by refusing to give Williams's proposed jury instruction on her defense that she was unaware of the cocaine in the car. The instructions given, including the Ninth Circuit Model Instructions on both offenses

2

charged and on aiding and abetting, sufficiently covered Williams's theory. *See United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990) ("[I]t is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory.").

Nor was Williams's proposed instruction necessary to combat misleading statements by the prosecutor, as she contends. The statements here were not misleading, and in any event, Williams's instruction misstated the applicable law in several respects.

**3.** Because federal agents placed a GPS device on Williams's car when she crossed the border, she argues that we must remand for the district court to conduct a suppression hearing in light of *United States v. Jones*, 132 S. Ct. 945 (2012). We decline that invitation. At the time the agents placed the GPS device, "circuit precedent held that placing an electronic tracking device on the undercarriage of a car was neither a search nor a seizure under the Fourth Amendment." *United States v. Pineda-Moreno*, 688 F.3d 1087, 1090 (9th Cir. 2012) (citing *United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999)). Suppression is therefore not warranted. *Id.* at 1091 (citing *Davis v. United States*, 131 S. Ct. 2419, 2423-24 (2011)).

**AFFIRMED.**